```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                   JACKSON DIVISION
```

NEXTEL SOUTH CORPO. AND MPCR,
INC., D/B/A NEXTEL PARTNERS
                                                        PLAINTIFFS

VS.                                  CIVIL ACTION NO. 3:07CV697TSL-JCS

MISSISSIPPI PUBLIC SERVICE
COMMISSION, NIELSEN COCHRAN, IN HIS
OFFICIAL CAPACITY AS CHAIRMAN,
LEONARD BENTZ, IN HIS OFFICIAL
CAPACITY AS VICE CHAIRMAN, AND
DORLOS "BO" ROBINSON, IN HIS
OFFICIAL CAPACITY AS COMMISSIONER OF
THE MISSISSIPPI PUBLIC SERVICE
COMMISSION

AND

BELLSOUTH TELECOMMUNICATIONS, INC.
D/B/A AT&T MISSISSIPPI                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant BellSouth Telecommunications, Inc. d/b/a AT&T Mississippi, joined by the Mississippi Public Service Commission, to dismiss the complaint for declaratory judgment of Nextel South Corp. and NPCR, Inc. (collectively Nextel). Nextel has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

On June 27, 2007, Nextel filed with the Mississippi Public Service Commission (MPSC or Commission) a petition for adoption of an existing interconnection agreement by and between AT&T Mississippi and Sprint Telecommunications Company L.P., Sprint Spectrum L.P. (the Sprint ICA), pursuant to 47 U.S.C. § 252(i)[1] and certain conditions of the FCC's *AT&T/BellSouth Merger Order*.[2] BellSouth/AT&T was granted leave to intervene, and immediately moved to dismiss, contending that (1) the FCC hadسسsole jurisdiction to interpret and enforce the Merger Commitments; (2) the Sprint ICA which Nextel sought to adopt had expired and thus Nextel's adoption request did not meet the legal timing

---

[1] The statute provides:
A local exchange carrier shall make available any interconnection service, or network element provided under an agreement approved under this section to which it is a party to any other requesting telecommunication carrier upon the same terms and conditions as those provided in the agreement.
42 U.S.C. § 252(i).

[2] The FCC issued a Memorandum Opinion and Order on March 26, 2007, approving of the merger of BellSouth with AT&T. FCC approval of the merger was contingent upon a number of conditions set forth in the order, including a commitment by AT&T/BellSouth to (1) "make available to any requesting telecommunications carrier any entire effective interconnection agreement" entered into by an AT&T/BellSouth local exchange carrier in any state in the AT&T/BellSouth 22-state ILEC operating territory," where feasible and consistent with state laws and regulations (Merger Commitment No. 1), and to (2) "not refuse a request by a telecommunications carrier to opt into an agreement on the ground that the agreement has not been amended to reflect changes of law. . . ." (Merger Commitment No. 2). In the Matter of AT&T Inc. and BellSouth Corp. Application for Transfer of Control, WC Docket No. 06-74, Memorandum Opinion and Order, Appendix F at 149 (Mar. 26, 2007) (FCC Merger Order).

2

requirement under 47 U.S.C. § 252(i), i.e., Nextel had not sought adoption "within a reasonable period of time" after the original contract was approved, see 47 C.F.R. § 51.809(c); and (3) the requested adoption was premature because Nextel had failed to abide by contractual obligations regarding dispute resolution in its existing ICA with AT&T.

On October 30, 2007, the MPSC entered its opinion and order denying Nextel's petition for adoption. The Commission granted the motion to dismiss, concluding as follows:

> The Commission finds that the FCC has exclusive jurisdiction over the enforcement of the FCC Merger Commitments contained in the FCC's Merger Order as related to the facts of these two cases. The Commission does not suggest that interpreting and enforcing the Merger Commitments are off limits to us in all circumstances as there may be situations in which such interpretation and enforcement would be subject to our jurisdiction. The Commission further finds that Nextel's Petitions were not filed within a reasonable period of time, and that it would be inefficient and impractical to allow Nextel to adopt the agreement when the original parties to the agreement, AT&T Mississippi and Sprint, are currently engaged in arbitrating a new agreement. The Commission further finds that Nextel can not adopt an interconnection agreement that has expired.

In re NPCR, Inc. (and) Nextel South Corp., Dkt. Nos. 2007-UA-316, 2007-UA-317 (MPSC Oct. 30, 3007). Nextel filed its complaint in this cause seeking review of the Commission's ruling.

BellSouth/AT&T has moved to dismiss, claiming the appeal has become moot because the ground on which the Commission's order was based, i.e., that the Sprint ICA had long since expired and was being renegotiated, has been overtaken by subsequent events, and

3

in particular, by the fact that AT&T Mississippi and Sprint have completed negotiations and entered into a new agreement that will be in place into 2010.  BellSouth/AT&T submits that although the Commission's order was correct on the record before it, the issues decided by the Commission have now been superseded, and Nextel's attacks on that order are moot.

Because of the case or controversy requirement found in Article III of the Constitution, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L. Ed. 2d 413 (1971)). In other words, federal courts have no jurisdiction to decide moot questions. See In re Scruggs, 392 F.3d 124, 128 (5th Cir. 2004) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents.").  "Mootness is 'the doctrine of standing in a time frame.  The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" Ctr. for Individual Freedom v. Carmouche, 449 F.3d 655, 661 (5th Cir. 2006).  "'A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation. . . .'" Id. (quoting Chevron, U.S.A., Inc. v.

4

Traillour Oil Co., 987 F.2d 1138, 1153 (5th Cir. 1993).  See also Dailey v. Vought Aircraft Co., 141 F.3d 224, 227 (5th Cir. 1998) ("[A]lthough a justiciable controversy may have existed at the time litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation.").

In the court's opinion, the question whether the Commission erred in denying Nextel's petition for adoption on the bases that it was not filed within a reasonable period of time, that it would be inefficient and impractical to allow Nextel to adopt the agreement when the original parties to the agreement were in the process of negotiating a new agreement and that Nextel could not adopt an interconnection agreement that had expired, is moot in light of the fact that the Sprint ICA has been renegotiated and is no longer "expired."  There is no current basis for Nextel's challenge to the MPSC's ruling on these issues.  Based on the circumstances which existed at the time this was brought, those rulings by the Commission had foreclosed Nextel from pursuing its petition for adoption pursuant to 42 U.S.C. § 252(i).  However, given that there is now in place a current, unexpired Sprint ICA, –whether it be a "new" agreement or merely an extension of the original 2001 agreement–and as a consequence, Nextel is no longer precluded by the Commission's order from seeking to adopt the Sprint ICA under the authority of § 252(i).

Nextel concedes that as a result of "the extension of the term" of the Sprint ICA, there is no longer any basis for AT&T to continue to oppose Nextel's § 252(i) petition for adoption on the basis that such adoption was not pursued within a reasonable time. It submits, however, that its § 252(i) claim continues to present a live controversy because BellSouth/AT&T has indicated it has additional objections to Nextel's adoption of the Sprint ICA, objections which Nextel submits are within the jurisdiction of this court to resolve.  That is, it claims this dispute is not moot because there are other issues that may arise that affect whether it is able to opt into the newly extended AT&T-Sprint agreement.[3]  In the court's opinion, to the extent that there may be outstanding issues, or issues yet to be raised, concerning whether Nextel may adopt the Sprint ICA, those issues are properly to be addressed to and decided by the MPSC in the first instance. See Trinity Indus. v. OSHRC, 206 F.3d 539, 542 (5th Cir. 2000) ("The rationale behind not allowing this court to review issues not raised before the Commission is to give the Commission a chance to pass on issues before this court reviews the administrative process."); GTE South, Inc. v. Morrison, 6 F. Supp. 2d 517, 529 (E.D. Va. 1998) (holding in § 252(e)(6) case that

---

[3]  Nextel points out, for example, that AT&T has suggested that as an entirely wireless carrier, Nextel is precluded from adopting the Sprint ICA.  The MPSC has not yet addressed this question.

"[t]his Court may not consider arguments not raised before the administrative agency involved"), aff'd, 199 F.3d 733 (4th Cir. 1999).

Nextel challenges BellSouth/AT&T's assertion that it is seeking redress herein for an alleged past wrong which has no forward-looking significance. See O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) (holding that claim of "past exposure to illegal conduct does not in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects"). According to BellSouth/AT&T, given the changed circumstances, it makes no difference whether the MPSC's decision was in error because the circumstances which the MPSC held precluded Nextel's adoption of the Sprint PCA no longer exist and Nextel may proceed with a new petition for adoption, and has suffered no harm or loss as a result of the MPSC's allegedly erroneous ruling. Although Nextel disputes this, in the court's opinion, Nextel has not demonstrated that the MPSC's decision, even if wrong, has any forward-looking significance.

Having said this, the Commission found that the "FCC has exclusive jurisdiction over the enforcement of the FCC Merger Commitments contained in the FCC's Merger Order as related to the facts of these two cases." This court's initial impression was that this ruling by the Commission was unaffected by the fact that the original Sprint ICA is no longer expired. Upon further

7

reflection, and having considered the additional argument by the parties addressed to this issue, the court agrees with BellSouth/AT&T's argument that unless there were some basis for concluding that the the AT&T/BellSouth Merger Order gives Nextel greater rights than it already has under § 252(i) as to live agreements, which does not appear to be the case (or at least has not been shown to be the case), then a decision by this court on the issue of the MPSC's jurisdiction to interpret and enforce the Merger Order avails the parties nothing.  That is, under the circumstances which now exist, it does not appear that the AT&T/BellSouth Merger Order gives Nextel any greater ability to adopt the current AT&T-Sprint agreement than it would have under § 252(i).

Accordingly, for the cited reasons, the court concludes that BellSouth/AT&T's motion to dismiss is well taken and should be granted, and it is so ordered.

This, the 28th day of August, 2008.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE